UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-2533

AISSATOU NGANTCHEE MONTHE,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A95-221-380)

Submitted:  August 22, 2005          Decided:  August 31, 2005

Before WILLIAMS, KING, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Danielle Beach-Oswald, NOTO & OSWALD, P.C., Washington, D.C., for
Petitioner.  Peter D. Keisler, Assistant Attorney General, James
Hunolt, Mark L. Gross, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Aissatou Ngantchee Monthe, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming the immigration judge's order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture.

To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Monthe fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that she seeks.

Additionally, we uphold the immigration judge's denial of Monthe's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Monthe fails to show that she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

We also find that Monthe fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2004). We find that Monthe fails to make the requisite showing.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED